No. 31,886

HOWARD C. DAVIS, *Appellant,* v. JACOB DOLD PACKING COMPANY and NEW AMSTERDAM CASUALTY COMPANY, *Appellees.*

(38 P. 2d 107)

Opinion filed December 8, 1934.

*Benjamin F. Hegler, A. V. Roberts* and *Roger P. Almond,* all of Wichita, and *Harry C. Bowman,* of Newton, for the appellant.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs* and *R. H. Nelson,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one for compensation for an injury received by Howard C. Davis in Clovis, N. Mex. Compensation was denied by the compensation commissioner and by the district court. Claimant appeals.

The respondent, Jacob Dold Packing Company, had a meat distributing plant at Wichita. Sitton was sales manager. Arnett was a district supervisor. Claimant was a resident of Oklahoma City, Okla. Claimant was first employed by respondent to operate a territory from Little Rock, Ark. The territory proved unprofitable, was abandoned by respondent, and claimant returned to Oklahoma City. Later claimant was called to Wichita, and he and Arnett were sent to inspect a territory extending from Liberal, Kan., to Tucumcari, N. Mex. They reported, and respondent decided not to open the territory. Claimant returned to Oklahoma City, received pay for two weeks' work, and was told he would receive no more salary until such time as he would get back on some territory. He then took employment at the Oklahoma City waterworks.

While claimant was employed at Oklahoma City he gathered some data respecting territory in New Mexico, comprising Clovis, Roswell and Carlsbad, where respondent might do some business. He took the information to Wichita and submitted it to Sitton. Claimant testified as follows:

"He said he would have Mr. S. C. Johnson, another supervisor, look over this Hobbs Oil Field, Carlsbad, Roswell, Clovis—all that took in the territory there—and my understanding was when I left here, if it was as good as I said it was, he would open the territory and I could have it; that I would be employed to work that territory. . . . I then went back to Oklahoma City and next heard from the Jacob Dold people about the 10th of June, 1930. Mr. Johnson wrote me to be in Clovis, N. Mex., Sunday, June 13, and we would open the territory. I went to Clovis in response to that message and Mr. Johnson put me to work."

On November 9, 1932, claimant completed his work for the day, and set out on his return to his hotel. On the way he took a short cut through railroad yards and, while he was crawling under a moving train, his foot was cut off.

One ground on which compensation was denied was that the contract of employment was consummated in New Mexico. Restatement, Contracts, section 74, reads:

"A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done."

After claimant completed inspection of the Liberal-Tucumcari territory, he was out of employment by respondent until he was assigned to some territory. Respondent then had no territory to which claimant could be assigned and, if claimant were reëmployed, it was necessary the subject be taken up again.

In the conversation with Sitton at Wichita respecting a possible New Mexico field of work no contract of employment was effected. In this period of depression and unemployment hundreds of employers have told thousands of applicants for employment that if and when the employer had a place for the applicant, the applicant would be given work. It is idle to discuss the subject of formation of a contract in such instances. Sitton's statement was a little more definite. A particular territory would be investigated and, if it proved promising, it would be opened, and claimant would be employed. This created no semblance of a contract of employment.

Inspection of the New Mexico territory and approval of it did not automatically employ claimant. Claimant could not have a contract of employment without knowing about it, and it was still necessary that claimant be employed to work the territory.

Suppose that, after inspection, Johnson had approved the new territory, and someone other than claimant had been employed to work it. Sitton's statement he would employ claimant would not be

fulfilled, but no contract of employment would be broken. Suppose, on receipt of Johnson's letter, claimant had preferred the atmosphere of the Oklahoma City waterworks to the more arid climate of New Mexico. No acceptance of employment by respondent would be retracted.

Claimant gave no testimony that after Johnson inspected the New Mexico territory anything was done by respondent at Wichita toward giving plaintiff employment. Claimant testified he did not know where Johnson was when Johnson mailed the letter received on June 10, and it makes no difference where Johnson was.

Just before Johnson's letter was mailed there was no contract of employment. Mailing the letter did not effect a contract of employment. In legal contemplation the letter was an offer to employ claimant to work in New Mexico, and it had no other legal effect. If claimant had not received the letter, and had not been apprised of it, the letter would have been ineffectual as an offer, and there still would have been no contract of employment.

Having received Johnson's letter, it was indispensable to formation of a contract for employment that claimant manifest an acceptance of the offer. If his undisclosed mental acceptance had been sufficient, the mental state came into existence in Oklahoma, but that was not enough. (Restatement, Contracts, section 52.)

Johnson's letter fairly called for acceptance by claimant reporting at Clovis, whereupon Johnson and claimant would open the New Mexico territory. In any event, claimant manifested acceptance by going to Clovis, and in no other way. Presence in Clovis on Sunday, June 13, in response to Johnson's letter, was the last act done necessary for formation of a contract, and a contract of employment was then and there formed. Putting claimant to work was performance on respondent's side.

The foregoing applies to claimant's own testimony fundamental principles of the law of contracts, and it is not necessary to consider the subject of injury arising out of and in the course of employment. If the subject were to be considered, R. S. 1933 Supp. 44-508 (k) would have to be taken into account.

The judgment of the district court is affirmed.