No. 37,238

CARRIE LOU PEARSON, *Appellant,* v. ELECTRIC SERVICE COMPANY, of Pensacola, and CENTRAL SURETY AND INSURANCE COMPANY, *Appellees.*

(201 P. 2d 648)

Opinion filed January 22, 1949.

*Floyd A. Sloan,* of Topeka, argued the cause, and *W. Glenn Hamilton, Eldon Sloan,* both of Topeka, and *Charles L. Neely,* of Memphis, Tenn., were with him on the briefs for the appellant.

*Irwin Snattinger,* of Topeka, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is a workmen's compensation case. The district court denied the claim for compensation and the claimant appeals. Respondent was the Electric Service Company of Pensacola, a company engaged in electrical installation business. The name, however, is a trade name only as the company is owned and operated entirely by an individual named Hugh Caffey. The insurance carrier defended the action.

The claimant, Miss Carrie Lou Pearson, was employed by Hugh Caffey as secretary and treasurer, or as assistant office manager, on electrification work Caffey was doing at Junction City. Claimant's home was in Morristown, Tenn. The principal office of Caffey was in Memphis, Tenn. Claimant had done some work for Caffey prior

to the time he started on an electrification job at Junction City. When he was awarded the latter job he communicated with claimant by telephone from Junction City or Topeka. Claimant was residing with her sister at Morristown at the time she received a telephone call from Caffey in which he requested that she come and work for him at Junction City. She accepted the offer of employment in that telephone conversation.

Claimant met Caffey at Memphis and accompanied him in his automobile to Junction City. After working there for a short time Caffey requested that she come to Galesburg, Ill., where some of the records of the Junction City job were kept by Caffey. It appears the purpose of going to Galesburg was to make a recapitulation of facts and data concerning the Junction City job as requested by government engineers. Claimant accompanied Caffey to Galesburg in his automobile. While at Galesburg Caffey advised he had to go to the Memphis office where other records to complete the recapitulation were kept. Before going to Memphis claimant went back to Junction City and then returned to Galesburg by train. From Galesburg the parties left in Caffey's automobile and started for Memphis by way of Chicago, where Caffey stated he desired to communicate with government engineers concerning the Junction City job. While driving from Galesburg to Memphis a mule ran onto the right side of the road and, in attempting to avoid the mule, Caffey's car ran into the ditch. It is for the injuries claimant sustained in this accident that she sought compensation. The commissioner found claimant was a resident of Tennessee; the contract of employment was made in that state and the injury occurred in the state of Illinois. He concluded that under these circumstances he had no jurisdiction to grant or award compensation.

G. S. 1935, 44-506, reads:

"This act shall not be construed to apply to business or employment which, according to law, are so engaged in interstate commerce as to be not subject to the legislative power of the state, nor to persons injured while they are so engaged: *And provided,* That this act shall apply also to injuries sustained outside the state where the contract of employment was made within the state, unless such contract otherwise specifically provides."

The commissioner rested the first part of his decision on the proviso contained in the statute. He, in substance, further found that although the records were in the car claimant was not working on the job at Junction City at the time of the injury but was in fact on her way to work at the Memphis office. He therefore ruled if he

had jurisdiction the provision in the Kansas act, G. S. 1935, 44-508 (k) precluded recovery. That portion of our statute reads:

"(k) The words 'arising out of and in the course of employment' as used in this act shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence."

The commissioner found it was not claimed the injury resulted from the negligence of claimant's employer. The district court affirmed the award of the commissioner denying compensation.

We shall refer only briefly to the first ground on which compensation was denied. That the contract of employment was a Tennessee contract is clear. The offer of employment was made in Kansas, but claimant accepted it in Tennessee. The rule is thoroughly established that where an acceptance is given by telephone the place of contracting is where the accepter speaks his acceptance. (Restatement, Conflict of Laws, § 326 [for exception to rule not applicable here, see comment "e."]; 1 Elliott on Contracts 92; *Trinity Universal Ins. Co. v. Mills,* 293 Ky. 463, 169 S. W. 311; *Daggett v. K. C. Structural Steel Co.,* 334 Mo. 207, 65 S. W. 2d 1036; *Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co.,* [Tex. Civ. App.] 203 S. W. 79.)

It is true G. S. 1935, 44-506, provides our compensation act shall apply to injuries sustained outside the state where the contract of employment was made within this state, unless such contract otherwise specifically provides. No one contends the instant contract provided otherwise. From the first part of this statutory provision does it necessarily follow that our act does not apply to a workman after he has become an employee in Kansas and in an industry subject to our act and is thereafter injured outside the state? This court has not had occasion to decide this precise question. The point is not essential to a decision in view of the findings of the district court and our own decisions on the second ground of the trial court's decision.

Assuming, without deciding, the fact the contract was made in Tennessee does not bar recovery under the stated facts of this case, appellant is nevertheless confronted with the second ground on which recovery was denied. We therefore prefer to deal with that fundamental issue.

The commissioner found and the district court adopted the finding claimant was not engaged in her work as secretary and treas-

urer, or as assistant office manager, at the time of her injury. This court is committed to the doctrine that if there is substantial competent evidence to support the finding of the district court it will not be disturbed although there is evidence which would support a contrary finding. We would encounter difficulty in saying the record did not warrant the findings made by the district court.

That court went further and found claimant was on her way to work at the Memphis office and that claimant did not contend the injury occurred by reason of her employer's, the driver's, negligence. The court concluded the provisions of G. S. 1935, 44-508 (k), previously quoted, precluded recovery.

Appellant relies on *Kennedy v. Hill & Dillon Packing Co.*, 130 Kan. 191, 285 Pac. 536; *Kirkpatrick v. Yeamans Motor Co.*, 143 Kan. 510, 54 P. 2d 960; and *Wetlaufer v. Howse*, 146 Kan. 500, 71 P. 2d 879. In the first place none of these cases turned on the statute presently under consideration. In the second place they are factually dissimilar and not controlling on the question now before us.

The Kennedy case involved an accident to a traveling salesman while on a highway within his territory where his work of necessity required him to be. Traveling on the highways was an integral part of his work.

The Kirkpatrick case involved an accident to a watchman who was found killed in a street between two places he was guarding for two separate companies. There was no question relative to whether the service to his employers required him to cross the street.

The Wetlaufer case involved an accident to a driver of an oil and gas transport truck while the workman was returning a pole trailer he had borrowed to get his damaged truck to a shop for repairs. One of the chains holding the trailer slipped and the trailer fell upon and injured claimant. It was held the work in which he was engaged while injured was fairly connected with the performance of his *usual duties* in the protection of his employer's property and that the injury actually *grew out* of his employment.

Appellant reminds us claimant was in charge of the records on the Junction City job, the records were in the car, and she was on her way to Memphis with her employer to finish her work. Whether the accident arose by reason of the fact she had the records in the car, that is, whether there was a causal connection between that fact and the accident, will be considered presently.

Whether the purpose of going to Memphis was to begin or to finish her work is not made the determining factor under our statute. But let us say she was on her way to Memphis to assume her duties of finishing the job. Are the injuries she received while on her way compensable? The answer must be found in the statute. The statute, insofar as applicable here, says the words, "arising out of and in the course of employment," shall not be construed to include injuries to the employee occurring while he is on his way to assume the duties of his employment . . . the proximate cause of which is not the employer's negligence. The intent of the statute could not well be more clearly expressed. It is not claimed her employer was negligent.

This court has had occasion to rule on the precise point now urged by appellant. In *Repstine v. Hudson Oil Co.,* 155 Kan. 486, 126 P. 2d 225, the manager of a filling station was responsible for money taken in at the station. There was no safe at the station for the safekeeping of the money and no other means had been provided therefor by the company. It was customary for the manager to take the station money home with him and to bring it back when he returned the next morning. While driving to the station by the most direct route with the money in the car he collided with a truck and received injuries from which he died. The trial court held the claim was compensable. The real question presented on appeal was whether, in view of the express provisions of G. S. 1935, 44-508 (*k*), previously quoted, we rightfully could say the accident arose "out of" the employment. After careful examination of the statute and a reëxamination of our previous decisions, we held:

"In a claim for workmen's compensation where the superintendent of a filling station was responsible for the money taken in at the filling station and took it to his home with him each night, and was killed in a collision with a truck on his way to open the station in the morning while he had his employer's money with him, the record is examined, and it is held that under all the surrounding facts and circumstances the accident which caused the death of deceased did not arise 'out of' his employment." (Syl.)

It was argued there, as here, the claimant had property of his employer in his possession and that the accident arose "out of" his employment. We concluded the collision of the vehicles did not occur by reason of the fact the employer's money was in claimant's car, that it would have occurred irrespective of such fact and hence there was no causal connection between the presence of the money

and the accident. In other words we reasoned and concluded it did not follow from the mere fact the employee happened to be doing something incidental to his employment that the accident therefore arose "out of" his employment. This conclusion manifestly must not be construed to mean an accident is not compensable if it actually arises "out of" an incident of the employment. We repeatedly have held cases of the latter sort are compensable. (*Duncan v. Perry Packing Co.*, 162 Kan. 79, 88, 174 P. 2d 78.)

The decision in the Repstine case was supported by numerous authorities which we do not deem it necessary to again review. In the opinion we freely recognized that some of our earlier decisions might seem to support a contrary view. Upon extended consideration we expressly stated we preferred the rule as stated in the authorities cited in the Repstine opinion.

In the yet more recent case of *Abbott v. Southwest Grain Co.*, 162 Kan. 315, 176 P. 2d 839, a workman at an elevator who had quit work at night but later in the evening while on the way from his home to the elevator, under instructions from his employer to close some open grain bin doors, sustained injury on the highway before arriving at the elevator. The trial court held the injury was compensable. In that case the facts were more involved than here with the result that there was room for difference of opinion with respect to their interpretation. In reversing that decision we said:

"On reëxamination and more critical analysis of 44-508 (*k*), *supra*, we find nothing to warrant us in holding there are any exceptions to its plain and unequivocal provision that the words 'arising out of and in the course of employment' do not include injuries to an employee while on the way to assume the duties of his employment." (p. 323.)

The judgment of the district court is affirmed.