No. 43,390

RICHARD T. HARTIGAN, *Appellee*, v. BABCOCK & WILCOX COMPANY, *Respondent*, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, *Appellants*.

(380 P. 2d 383)

Opinion filed April 6, 1963.

*Richard J. Croker*, of Kansas City, argued the cause and *E. M. Boddington, E. M. Boddington, Jr.*, and *N. Jack Brown*, all of Kansas City, were with him on the briefs for the appellants.

*J. D. Lysaught*, of Kansas City, argued the cause, and *J. E. Schroeder, Lee E. Weeks, Leonard O. Thomas, Richard Millsap, Robert H. Bingham* and *Ervin G. Johnston*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: In this workmen's compensation case, the question involved is whether appellee, who was working in Missouri, is covered by the Kansas Workmen's Compensation Act when he was injured in Missouri.

This matter depends on whether the contract of employment was made in Kansas. In G. S. 1949, 44-506, it is provided that an employee is covered by the Kansas Workmen's Compensation Act if the hiring took place in Kansas despite the fact that he suffers injury in another state.

Appellee is a boilermaker and was employed by the Rock Island Transit Company when he was informed by his union that there was a possible opening with appellant in Sibley, Missouri. Appellee went to Sibley and applied for the job. He was told that he would be called when he was needed which would be in a week or so. He made another trip to Sibley with the same result. On or about September 22, 1959, Mr. Cicutto, respondent's erection engineer, called claimant to tell him there was an opening for him at Sibley, Missouri as a boilermaker. The telephone call was made from Kansas City, Missouri to appellee's home in Kansas City, Kansas. Appellee was not at home when the call came. He later returned the call, accepted the job and arranged to report the next morning.

The acceptance of the offer of employment was held by the trial court to have made the contract of employment a Kansas contract, following the case of *Pearson v. Electric Service Co.*, 166 Kan. 300, 201 P. 2d 643. It is to be noted that the Pearson case, under the facts of that case, found the contract of employment was not a Kansas contract, having been made by a telephone call to an employee in Tennessee and the court held it to be a Tennessee contract. The rule of law, however, fits exactly.

Under G. S. 1949, 44-506, where the contract of employment was made within the state, the fact that the injury was sustained in Missouri is of no importance and the Kansas Workmen's Compensation Act applies.

The claimant argues strongly that Mr. Cicutto was satisfied that he had the job filled and did not call anyone else. Claimant also immediately arranged to inform the authorities at the Rock Island Transit Company that he had other employment and that he would not be returning to Rock Island.

The respondents contend that the Pearson case is not in point; that a different theory should be applied to the case; that other states have applied a theory of the intent of the parties, but we feel that these cases are not in point and we are content to hold as the trial court did on the evidence that the case at bar is governed by *Pearson v. Electric Service Co.*, supra.

In *Evans v. Tibbetts*, 134 Kan. 131, 4 P. 2d 399, we find a workmen's compensation case where the employment contract was made in Kansas and the workman met his death in Mississippi. Mr. Justice Harvey found no difficulty in upholding an award in favor of

the workman's dependents under the provisions now found in G. S. 1949, 44-506.

Respondents have questioned the district court's allowance of reimbursements of medical expense; they further question the court's finding of permanent partial disability and lastly question the award of future medical expense. We question the reason for these attacks since the evidence pointed to by the claimant in answer to such suggestions seems clear.

The trial court's findings and judgment are affirmed. It is so ordered.