No. 46,934

DONALD MORRISON, *Appellant*, v. HURST DRILLING COMPANY and PACIFIC EMPLOYERS INSURANCE COMPANY, *Appellees*.

(512 P. 2d 438)

Opinion filed July 14, 1973.

*Raymond L. Dahlberg,* of Great Bend, argued the cause, and *Lee Turner* and *Tom Kelley,* both of Turner, Chartered, of Great Bend, were on the brief for the appellant.

*Alvin D. Herrington,* of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FOTH, C.: This is a workmen's compensation case in which the examiner held that he had no jurisdiction to make an award. He based his decision on his findings that the accident happened in Oklahoma, and that the contract of employment was made there. The director approved the examiner's findings, and the district court adopted them. The basic issue on this appeal by the workman is whether the examiner abused his discretion in permitting the employer and its insurance carrier to withdraw their initial stipulation as to where and when the accident happened.

In early August, 1967, the claimant resided in Page, Oklahoma. The evidence is undisputed that while there he accepted a job offer

in a telephone conservation with Doyle Hurst of the employer Hurst Drilling Company. Mr. Hurst placed this call from his office in Great Bend, Kansas. "The rule is thoroughly established that where an acceptance is given by telephone the place of contracting is where the accepter speaks his acceptance." (*Pearson v. Electric Service Co.*, 166 Kan. 300, 302, 201 P. 2d 643. See also, *Hartigan v. Babcock & Wilcox Co.*, 191 Kan. 331, 380 P. 2d 383.) It is thus clear that the contract of employment here was made in Oklahoma.

It is true that claimant thereafter moved to Great Bend, Kansas, and for the duration of his employment (just over two months) worked out of that city. This fact might, as claimant suggests, be a relevant consideration if we were faced with a conflict-of-laws question of choosing the law applicable to the employment contract itself. But the applicable section of our workmen's compensation act, K. S. A. 1972 Supp. 44-506, makes the act applicable to injuries sustained outside the state only if "the contract of employment was made within the state." Thus the statute speaks only of where the contract was "made." This, as noted, was in Oklahoma.

The employment agreed upon required claimant to operate a ten foot seismographic drilling rig. While he and a co-worker were attempting to raise this rig a cable broke and hit the claimant in his right eye. On October 7, 1967, the claimant's wife filled out a form entitled "Employer's First Report of Injury" at the claimant's directions, and therein it was stated that the accident occurred on October 4, at about 9:30 a. m. outside of Newton, Harvey County, Kansas. This form was then delivered to Hurst by the claimant and apparently relied on and treated as a claim for compensation by both parties.

At the first hearing before the workmen's compensation examiner on November 29, 1967, the attorney for respondent and insurance company stipulated that the accident occurred in Harvey County, Kansas, on October 4, 1967. However, the claimant's own testimony at that hearing gave some indication that the injury may have occurred at an earlier time and at a different place.

At a subsequent hearing before the examiner on January 24, 1968, the testimony and evidence showed that on October 2 the claimant and his co-worker operated the drilling rig near Caldwell, Kansas, and spent the night of October 2nd in Caldwell. The following morning at 7:00 a. m. they left Caldwell for Newkirk, Oklahoma.

They arrived in Newkirk at about 7:30 a. m., worked there until 7:30 p. m. and then drove to Newton, Kansas, arriving there about 10:30 p. m. They spent that night (the night of October 3) in Newton. They worked the next morning outside of Newton and completed their entire assignment that day (October 4) shortly after noon.

The testimony of the claimant, the claimant's wife, the claimant's co-worker, and various drilling reports signed by the claimant all placed him in Newkirk, Oklahoma, at the time the injury was alleged to have occurred, and all indicated that the date of the injury was October 3, instead of October 4. Exact dates were not always referred to in the testimony, but the sequence of events as outlined by the claimant and other witnesses when compared with all the documentary evidence almost conclusively placed him in Oklahoma at the time of the accident. Thereupon, at the hearing of January 24, 1968, the attorney for the respondent and insurance company orally withdrew the prior stipulation as to the time and place of the accident.

A subsequent deposition of the doctor who treated the claimant for his eye injury on October 4, 1967, revealed that the claimant had given the doctor a history of the accident occurring on October 3, in Newkirk, Oklahoma.

Following a series of other depositions, the claim was finally submitted to the examiner for his decision on April 8, 1969. Briefs were submitted and on December 4, 1969, the examiner entered an award denying the claim on the grounds of lack of jurisdiction. He stated, "The preponderance of the evidence in this case indicates that the claimant's accident of whatever kind or nature occurred in Oklahoma near the city of Newkirk and not in Harvey County, Kansas." The examiner allowed the withdrawal of the stipulation, stating that the place of the accident was jurisdictional and could thus be raised at any stage of the proceeding.

On appeal we are, of course, bound by the factual determinations made below, since they are supported by ample competent evidence. *Streff v. Goodyear Tire & Rubber Co.*, 211 Kan. 898, 508 P. 2d 495, and authorities cited therein. In deciding this case we then regard it as settled that the accident in fact took place in Oklahoma, and that the contract of employment was made there. The claimant would still have us hold that the respondent and insurance company are bound by their preliminary stipulation, and that it was error for

the examiner to allow its withdrawal and for the district court to make findings which disregard it. We cannot agree.

The circumstances justifying a court in relieving a party from a stipulation are summarized in the encyclopedias:

"The general rule is that a stipulation having all the binding force of a contract cannot be set aside on grounds other than those justifying the setting aside of contracts generally, such, for instance, as fraud, collusion, mistake, accident, surprise, undue influence, false representations innocently made, inadvertence or improvidence in making the stipulation, or some other ground of the same nature. . . .

"Generally, the court will afford relief where enforcement of the stipulation would be unjust or give one party an unconscionable advantage; but it is not a ground for relief against a stipulation that it was disadvantageous to the party asking relief, or that the case had gone contrary to his expectations. A trial court may, on a proper application, relieve a party from the effects of a stipulation which *admits as a fact that which is not true and is of such a material character as to change the rights of the parties,* but parties will not be relieved from a stipulation as to certain facts in the absence of a clear showing that the matter stipulated is untrue." (83 C. J. S., *Stipulations,* § 35, p. 90. Emphasis added.)

"The rule is generally recognized that trial courts may, in the exercise of a sound judicial discretion and the furtherance of justice, relieve parties from stipulations which they have entered into in the course of judicial proceedings, and that on appeal the determination of the trial court as to the propriety of granting such relief will not ordinarily be interfered with, except where a manifest abuse of discretion is disclosed. Courts have frequently granted such relief in the case of stipulations which the parties have entered into *improvidently, inadvertently, mistakenly, or as a result of fraudulent inducements, especially if the enforcement thereof would work injustice.* . . . Parties will not be relieved from stipulations in the absence of a clear showing that the fact or facts stipulated are untrue, and then only when the application for such relief is seasonably made and good cause is shown for the granting of such relief. If a stipulation relating to the conduct of a pending case is fairly made, it will not be set aside where such action will be likely to result in serious injury to one of the parties." (50 Am. Jur., *Stipulations,* § 14, pp. 613-14. Emphasis added.)

In *Bodle v. Balch,* 185 Kan. 711, 347 P. 2d 378, this court said:

"A stipulation is an agreement between counsel with respect to business before a court and is not one of the usual pleadings but is a proceeding in the cause and, as such, is under the supervision of the court. (83 C. J. S. Stipulations § 1.) A stipulation has also been defined as an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. (50 Am. Jur., Stipulations, § 2, p. 605.) In *White v. Kincade,* 95 Kan. 466, 148 Pac. 607, we held that courts are warranted in relieving parties from stipulations which have been improvidently or mistakenly made and that considerable discretion is vested in the trial court as to whether the relief shall be granted, depending largely, of course, on the facts and circumstances of the case." (p. 714.)

In this case, the evidence clearly shows that the accident did occur in Oklahoma, contrary to original written "claim" by the claimant. The respondent and insurance company obviously relied on the accuracy of the claimant's representation when they first entered into the stipulation; they withdrew it as soon as the testimony and evidence clearly showed the stipulated facts were not true. The location of the accident was clearly material; after it was established that the contract of employment was "made" in Oklahoma, Kansas jurisdiction would lie only if the accident happened in Kansas.

We thus have mistake, induced by misrepresentation, and materiality—all grounds for relieving a party of his stipulation. In addition, claimant can show no prejudice. He filed a workmen's compensation claim in Oklahoma based on the same injuries, and the Oklahoma Supreme Court has ruled that his claim should be heard on its merits. See, *Morrison v. Swank*, 489 P. 2d 1328 (Okla., 1971); and *Morrison v. Hurst Drilling Company*, 508 P. 2d 643 (Okla., 1973). On oral argument counsel agreed that his claim had been submitted and was at that time pending an administrative determination.

We find no abuse of discretion in permitting the withdrawal of the erroneous stipulation before the examiner.

The judgment is affirmed.

APPROVED BY THE COURT.