No. 47,482

Leroy Smith, *Appellant,* v. McBride & Dehmer Construction Company, and Reliance Insurance Company, *Appellees.*

(530 P. 2d 1222)

Opinion filed January 25, 1975.

*Steven L. Brooks,* of Smith and Greenleaf, of Liberal, argued the cause, and was on the brief for the appellant.

*Richard L. Honeyman,* of Kahrs, Nelson, Fanning, Hite and Kellogg of Wichita, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

Prager, J.: This is a workmen's compensation appeal. The question involved is whether the appellant, Leroy Smith, was covered by the Kansas Workmen's Compensation Act when he was injured while working in Oklahoma. The appellees are Smith's employer, McBride and Dehmer Construction Company, and its insurance carrier.

A determination of the issue presented depends on whether the contract of employment was made in Kansas. In K. S. A. 44-506 it is provided that the Kansas Workmen's Compensation Act shall apply to injuries sustained outside the state where the contract of employment was made within the state, unless such contract otherwise specifically provides. Here the employment contract did not by its terms negative the application of the statute.

The facts in this case are not in dispute and are basically as follows: On September 22, 1971, the appellant Smith sustained a serious injury to his left eye while working as a laborer for McBride and Dehmer Construction Company at a job site in Oklahoma. The parties agree that the appellant's injury was accidental and arose out of and in the course of his employment. Following the

injury the appellant filed claims with both the Workmen's Compensation Director of the state of Kansas and the State Industrial Court for the state of Oklahoma for compensation benefits as a result of his injury. The appellees admit the jurisdiction of the industrial court of Oklahoma and agree that appellant is entitled to benefits under the Oklahoma statute. In the Kansas proceeding the appellees denied that the parties are covered by the Kansas Workmen's Compensation Act. If the Kansas act applies the compensation benefits to be obtained by the appellant will be substantially higher.

To determine whether or not the Kansas act applies we must carefully consider the circumstances surrounding the hiring of the appellant. Leroy Smith resides in Liberal, Kansas. McBride and Dehmer Construction Company was engaged in construction at a job site in Turpin, Oklahoma. Leroy Beatty was the construction foreman for appellee at the job site. Beatty was in need of some laborers to assist his carpenters. Beatty told one of the laborers, Lenroy Bowie, to notify the appellant that if appellant wanted to go to work, to show up at the job site at Turpin. Bowie so advised appellant who proceeded to Turpin, Oklahoma, on the following day and was immediately put to work. The record shows that prior to being hired on this occasion appellant worked for a plumbing subcontractor but had not been employed directly by McBride and Dehmer.

Leroy Beatty the appellee's superintendent testified in regard to the hiring as follows:

"Q. Okay. And how is it that you happened to mention Mr. Smith to this other employee?

"A. Well, I knew he was out of work and he had been working for the plumbers and they had got through with him and I didn't get to see him before he left. And I knew he was out of work. And so I told him to tell him if he wanted to go to work to show up at the job-site and you would hire him down at Turpin.

"Q. You told this other colored boy to tell Mr. Smith if he wanted to go to work to show up at the job-site and you would hire him?

"A. Yeah.

"Q. Did you authorize this other boy to make any offer on behalf of McBride & Dehmer Construction on behalf of employing Mr. Smith other than you have just told me?

"A. No.

"Q. When in relationship to when you hired Mr. Smith at the job-site in Turpin did you have this conversation with this other colored boy about seeing if Mr. Leroy Smith wanted to go to work?

"A. The day before.

"Q. Okay. And I take it then the following morning Mr. Smith showed up at the job-site and that is when you hired him; is that correct?

"A. Right.

"Q. In as far as you were concerned when did Mr. Smith's employment begin with McBride & Dehmer?

"MR. GREENLEAF: I'll object to the question as calling for a conclusion.

"Q. You may go ahead and answer.

"As far as I know the day that he filled out his employment record.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. . . . I will ask now whether or not Mr. Bowie, if that be his name or not, but this other black person, had any authority to hire Mr. Smith for McBride & Dehmer?

"A. No."

Lenroy Bowie, who acted as a messenger between Beatty and the appellant Smith, testified in the following manner.

"Q. All right. Now, what did Leroy Beatty tell you about getting somebody to work for him?

"A. He asked me just like that: 'Is old Leroy working,' referring to Leroy Smith. I said, 'He hasn't worked since we left from down here.' He said, 'Do you reckon he wants to work.' I says, 'I imagine he does.' He said, 'Well, you all bring him to work tomorrow.'

"That's the way that came about.

"Q. Did he come to work the next day—Leroy Smith go to work for Leroy Beatty the next day?

"A. Yes. The plumber and I went back in the afternoon and told him and he went on down there the next morning in his car.

"Q. What did you tell Leroy Smith that evening?

"A. I told him the other Leroy wanted him to come to work."

The appellant, Leroy Smith, gave his version of the hiring in the following language.

"A. And Lenroy came by my house and asked me did I want to work *and I said yes*. He said, 'Well, Leroy said to come down to Turpin and you can go to work.'

"So, well, I had my old car and I went down there the next morning and went to work.

"Q. For Leroy Beatty?

"A. Yes." (Emphasis supplied.)

It is the position of the appellant Smith that the contract of employment was made in Kansas. He claims that this was done through his indication to Lenroy Bowie at his home in Liberal that he would go to Oklahoma the following day to report for work. It is the position of the appellee McBride and its insurance carrier that the contract of employment was made in Oklahoma since the offer

for employment was not accepted until the appellant arrived ready for work at the job site in Turpin, Oklahoma. The workmen's compensation examiner found that the employment contract was made in Kansas and therefore the Kansas Workmen's Compensation Act applied. The workmen's compensation director and the district court held that the employment contract was made in Oklahoma and therefore the Kansas act has no application.

This court has dealt with the question of where a contract of employment is made on several occasions. (*Davis v. Jacob Dold Packing Co.*, 140 Kan. 644, 38 P. 2d 107; *Pearson v. Electric Service Co.*, 166 Kan. 300, 201 P. 2d 643; *Hartigan v. Babcock & Wilcox Co.*, 191 Kan. 331, 380 P. 2d 383; *Morrison v. Hurst Drilling Co.*, 212 Kan. 706, 512 P. 2d 438.) In each of our cases we have generally relied upon the rule of the Restatement of Contracts, § 74, which states as follows:

"A contract is made at the time when the last act necessary for its formation is done, and at the place where that final act is done."

*Pearson, Hartigan* and *Morrison* all involved telephone conversations where an agent of the employer offered employment and the offer was immediately accepted orally by the injured employee. In each case we held that the oral acceptance of employment by the employee communicated to the employer was the last act necessary for the formation of the contract. In *Davis* the offer of employment was made by a letter directed to the claimant. This court held that it was indispensible to the formation of a contract for employment that the claimant manifest an acceptance of the offer. An undisclosed mental acceptance was held to be insufficient. In *Davis* this court found that the claimant manifested acceptance by going to New Mexico and in no other way. Presence at the place of work was the last act done necessary for formation of a contract of employment. We have considered cases from other jurisdictions on this issue but we find that the Kansas cases just discussed control the determination of this case.

On the basis of the record before us it is clear that there is substantial competent evidence to support the finding of the district court that the employment contract was made in the state of Oklahoma. Under the factual circumstances here the trial court was justified in finding that Beatty's offer of employment as relayed through Lenroy Bowie to Smith, fairly called for acceptance by Smith by reporting for work at Turpin, Oklahoma, at the job site

where he would be hired. The last act done necessary to consummate a contract of employment was Smith's reporting at the job site in Oklahoma and at that point a contract of employment was formed. The evidence was undisputed that his fellow employee, Lenroy Bowie, had no authority to receive Smith's acceptance of employment on behalf of the appellee. The appellant Leroy Smith manifested his acceptance of employment by going to the job site at Turpin, Oklahoma, and in no other way.

The judgment of the district court is affirmed.