No. 47,916

Louis R. Neumer, *Appellant,* v. Yellow Freight System, Inc., *Appellee.*

(556 P. 2d 202)

Opinion filed November 6, 1976.

*George E. Mallon,* of Kansas City, Kansas, argued the cause and was on the brief for the appellant.

*James H. McLarney,* of Swanson, Midgley, Gangwere, Thurlo and Clarke, of Kansas City, Missouri, argued the cause, and *Thomas M. Van Cleave, Jr.,* of McAnany, Van Cleave and Phillips, of Kansas City, Kansas, was with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: This is a workmen's compensation case in which the workman appeals from the trial court's judgment that the Kansas act is not applicable to his injury, which was admittedly sustained in Missouri.

Since the accident occurred in Missouri, the Kansas act would not be applicable unless the contract of employment was "made" in Kansas. K. S. A. (now 1975 Supp.) 44-506; *Morrison v. Hurst Drilling Co.,* 212 Kan. 706, 512 P. 2d 438. (The 1974 amendment, dealing with a "principal place of employment" within the state, has no applicability here.) The trial court's holding was based on a factual finding that the employment contract was made in Missouri. The issue on appeal, therefore, is whether that finding is supported by substantial competent evidence. *Hardman v. City of Iola,* 219 Kan. 840, 549 P. 2d 1013, and cases cited therein.

When he was injured in 1971, Louis R. Neumer, the claimant, had been employed by the respondent Yellow Freight System, Inc., since 1959. He was and is a resident of Kansas. In April, 1959, he went to the Yellow Freight terminal in Kansas City, Missouri, looking for work. He was, in accordance with company routine, sent to take a physical examination. On April 25, either before or after taking the physical, he filed a written employment application. The negotiations between the claimant and Ray Masot, respondent's hiring agent, were related by each of the participants.

Neumer testified:

". . . So, after I got all these papers filled out, I went back down there, and he said, 'Well, if everything's all right, we will call you.' So, on a Sunday evening, they called me and said, 'Be at work at 12:01 Monday morning at [the terminal in Kansas City, Missouri].' "

That is the only description of the telephone call appearing in the record. As a result, Neumer went to work in Missouri on April 27, 1959.

Masot, the hiring agent, remembered hiring Neumer but had no independent recollection of the telephone call. He testified:

"Q. When he returned the application to you, Mr. Masot, did you make a determination at that time or had you already made a determination at that time to hire him on the temporary basis?

"A. Oh, I had already made the determination to hire him, yes.

"Q. Had you told Mr. Neumer by the time he brought the application back, that you had decided to hire him?

"A. Yes, I did.

"Q. So thereafter your communication indicating to him was merely to tell him when to report to work, is that correct?

"A. When to report to work, right."

The trial court, in finding that the employment contract was made in Missouri, stated:

"The rationale of this decision is that Claimant's prior offer of employment given at the Respondent's terminal was by the Respondent's agent accepted over the telephone, the acceptance spoken in and from the State of Missouri."

The basic principle is that a contract is considered "made" when and where the last act necessary for its formation is done. *Smith v. McBride & Dehmer Construction Co.*, 216 Kan. 76, 530 P. 2d 1222. When that act is the acceptance of an offer during a telephone conversation, the contract is "made" where the acceptor speaks his acceptance. *Morrison v. Hurst Drilling Co.*, supra;

*Hartigan v. Babcock & Wilcox Co.,* 191 Kan. 331, 380 P. 2d 383; *Pearson v. Electric Service Co.,* 166 Kan. 300, 201 P. 2d 643.

Was it reasonable for the trial court to conclude that Masot's telephone call was an acceptance of Neumer's prior offer to go to work? We think it was. Even under Neumer's version the function of the telephone call was simply to tell him when to come to work, and not to offer him a job. The only difference between the two versions was that Masot said Neumer was hired when he filed his job application, while Neumer understood he would be hired later "if everything's all right." Only a finding that the phone call consisted of a job offer by Masot which was accepted by Neumer in Kansas would sustain Kansas jurisdiction over this claim. There was nothing in the evidence to support, much less require, such a finding.

Since the critical finding of the trial court is supported by substantial competent evidence the judgment is affirmed.

APPROVED BY THE COURT.