(585 P.2d 1069)
No. 49,129

PEARL B. RUNYON and GEORGE ROSENQUIST, *et al., Appellees,* v. CITY OF NEOSHO RAPIDS, KANSAS, *et al., Appellants.*

Opinion filed November 3, 1978.

*Duane D. Guy,* of Emporia, for the appellants.

*Mark L. Yates* and *Gerald D. Lasswell,* of Stinson, Wisdom and Lasswell, of Wichita, for the appellees.

Before FOTH, C.J., SPENCER and MEYER, JJ.

FOTH, C.J.: This is an appeal by the defendants, the City of Neosho Rapids and its governing body, from an order in mandamus requiring an audit of the city's books and an order allowing attorney fees to the plaintiffs.

On January 12, 1976, plaintiffs, electors of the city, filed a petition with the governing body requesting an audit of the city's finances for the preceding six year period. Neosho Rapids being a city of the third class a regular annual audit is not required by statute, but the city is governed by K.S.A. 75-1125 (Weeks 1969), and particularly the relevant proviso:

"*Provided, That upon a written petition filed with the governing body of any such municipality not provided for by section 12 [75-1122] of this act by 20% or more of the voters* of said municipality who voted at the last election for·officers of such municipality *it shall be the duty of said governing body to employ a licensed municipal public accountant* or accountants or certified public accountant or accountants to examine and audit the accounts of such municipality for such period of time as may be set out in the petition of the voters." (Emphasis added.)

The petition filed contained sufficient signatures, and under the statute it thereupon became "the duty of [the] governing body" to order the audit requested. When this governing body failed to act for three months, plaintiffs commenced this action on April 6, 1976, to compel compliance with the statute.

The litigation dragged on until December, when the parties entered into a stipulation designed to settle the controversy. Under the stipulation the city was to order an audit by designated auditors, to cover the years 1970 through 1973, and to include a verification of all expenditures. The stipulation contained the following conditions:

"D.   No damages shall be awarded or paid to Plaintiffs other than reasonable attorney's fees as may hereinafter be stipulated to between the parties or ordered by the Court.
"E.   This agreement, the performance hereunder by the Defendants and performance of Defendants by reason of any order of mandamus issued by the District Court of Lyon County, Kansas, pursuant to this agreement, shall be subject to authority granted by the Board of Tax Appeals of the State of Kansas to the Defendants to issue no-fund warrants in the amount sufficient to cover the costs and expenses of litigation between the parties and the costs of the audit."

The stipulation was submitted to and approved by the trial court, which entered an order on December 16, 1976, incorporating the substance of the stipulation in its decree, including the conditional language of paragraph "E" above.

The city proceeded with its pending application to the Board of Tax Appeals for authority to issue no-fund warrants. That body, after a hearing, denied the application, whereupon the city took the position that its entire obligation in the matter was ended. Plaintiffs, however, returned to the trial court with motions for attorney fees, to vacate the December order, and for a contempt citation. The trial court awarded attorney fees and in May, 1977, conducted a hearing on the other matters raised.

The primary issue before the trial court was whether the action of the Board of Tax Appeals relieved the city of its statutory duty because of the wording of the original stipulation and order of

December 16, 1976. The court found that the provisions of K.S.A. 75-1125 are mandatory and that the Board of Tax Appeals has no authority to relieve the governing body of its statutory duty. Most importantly, the trial court found that its order of December 16 had not been intended to make compliance totally dependent on the action of the Board, but only that the time of compliance would depend on the Board's order.

Based on this finding, and relying on its authority to vacate judgments under K.S.A. 60-260(*b*), the court modified the crucial decretal paragraph of its original mandamus order from:

"IT IS FURTHER BY THE COURT ORDERED that performance by Defendants of this order of mandamus shall be subject to authority granted by the Board of Tax Appeals of the State of Kansas to the City of Neosho Rapids, Kansas, to issue no-fund warrants in an amount sufficient to pay the expenses of litigation and the expenses of preparation of the audit."

to read:

"IT IS FURTHER BY THE COURT ORDERED that performance by defendant of the order of mandamus shall be subject to the further order of the court as to the time of performance and defendant's (*sic*) shall have a reasonable time in which to secure funds for such purpose and in the necessary sum to pay costs of audit and litigation. The Court will thereupon set the date for commencement of the audit, the same to be within a reasonable time. Defendants are ordered to advise the Court of the costs forthwith."

It is from this amended order that defendants appeal.

The city argues first that the court had no authority to modify its order because it was based on a stipulation of the parties. However, parties may be relieved of their stipulations for mistake, accident, surprise, inadvertence or improvidence. *Morrison v. Hurst Drilling Co.*, 212 Kan. 706, 512 P.2d 438 (1973); *Bodle v. Balch*, 185 Kan. 711, 347 P.2d 378 (1959). Those factors closely parallel the grounds for vacating a judgment under K.S.A. 60-260(*b*)(1).

The trial court found that the stipulation and its order both contemplated that the Board of Tax Appeals would grant no-fund warrant authority as a matter of routine, based on the city's good faith application. In fact, the court found, the city's agents made it clear to the Board that they did not really want the authority they nominally sought, and the Board's denial was the natural result of the presentation made to the Board. The court's finding that the defendants did not act in good faith in presenting the application is amply supported by the record. It is apparent that the city's concept of what was required of it by the stipulation

and order was entirely different from the concept entertained by the plaintiffs and the trial court. (It is clear that if the court had thought it meant what the city claimed it would never have approved the stipulation.) That difference was sufficient ground for the court to vacate its original order and replace it with one which clearly expressed the parties' true obligations. The motion to vacate was addressed to the trial court's discretion. *Baker v. Baker*, 217 Kan. 319, 320, 537 P.2d 171 (1975), and cases cited therein. We are unable to find an abuse of discretion here.

As to attorney fees, the original stipulation called for them to be determined by later agreement or by the court. There was apparently an agreement at one time, but it seems to have foundered in the Board of Tax Appeals hearing. Under the stipulation it thereupon fell to the court to fix them, and defendants are not in a position to complain.

In addition, fees are allowable as damages in mandamus where there has been an unreasonable refusal to perform a duty imposed by law. *Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, 438 P.2d 732 (1968). Although no evidence on this issue was presented at the special hearing devoted to attorney fees, the court had before it the three month delay between the request for an audit and the commencement of the action, and the absence of any excuse for the city's non-action. Those facts were enough to make a *prima facie* case of unreasonableness. The city even now offers no reason for its failure to act beyond a suggestion that the statute may be unconstitutional because it contains no limit on the time to be covered by the audit. We conclude that the award of attorney fees is supported by the record.

The other issue raised—the impoundment of certain books—was conceded by the city at oral argument not to be properly before us and we need not consider it.

Plaintiffs have requested additional attorney fees for services on appeal. Considering the nature of the case and the fact that these fees are to be paid from public funds, it is this court's opinion that the $3,300 allowed below should be sufficient to cover services in this court as well. We do allow expenses as itemized in the amount of $259.82, and the judgment below is modified to that extent.

As so modified, the judgment is affirmed.