**LOMAGLIO ASSOCIATES INCORPORATED,**
Plaintiff,

v.

**LBK MARKETING CORP., Defendant.**

**No. 94 Civ. 3208 (KTD).**

United States District Court,
S.D. New York.

Jan. 21, 1995.

Seaman and Ashley, New York City (Perry Ashley, of counsel), for plaintiff Lomaglio Associates Inc.

McCarthy, Lebit, Crystal & Haiman Co., L.P.A., Cleveland, OH (Charles P. Royer, of counsel), for defendant LBK Marketing Corp.

Rubin Baum Levin Constant & Friedman, New York City (Richard G. Primoff, of counsel), for defendant LBK Marketing Corp.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff originally brought this action in New York state court. On May 3, 1994 Defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441, 1446, based on diversity of citizenship of the parties, 28 U.S.C. § 1332. Defendant now moves to dismiss the complaint for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2). Alternatively, Defendant moves to dismiss the second cause of action for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6). For the reason set forth below, Defendant's motion is granted in part and denied in part.

### I.

In determining a defendant's motion to dismiss a complaint pursuant to Rule 12(b)(6), the court should construe all allegations in the complaint to the plaintiff's benefit. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). If there exists any set of facts which could be construed so as to entitle the plaintiff to relief, the complaint should not be

dismissed. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Consequently, all factual allegations in the complaint will be presumed true for present purposes.

Neither Plaintiff Lomaglio Associates Incorporated ("LAI") nor Defendant LBK Marketing Corporation ("LBK") is a citizen of New York. LAI is a corporation organized under the laws of New Jersey, while LBK is a corporation organized under the laws of Ohio. On or about October 12, 1992, Plaintiff and Defendant entered into a written contract by which the parties agreed that LAI would be LBK's exclusive sales representative to Avon Products Incorporated ("Avon"). Avon is a corporation having its headquarters in New York City.

In June 1993, Avon placed an order for 82,400 "Mrs. Albee" ceramic figurines with Defendant. On or about May 1993, Plaintiff and Defendant agreed that Plaintiff's commission for Avon's order would be $1.555 per figurine. The total commission due to Plaintiff amounted to $128,132.

At some point (not specified in the complaint), Defendant shipped sample figurines to Avon in New York City. In addition, Defendant's representatives held several meetings in New York City with Avon's representatives regarding the sale of the figurines. As late as September 1, 1993, Defendant repeatedly represented to both LAI and Avon that it had the ability and intent to produce the figurines ordered by Avon. However, on September 10, 1993 Defendant informed both LAI and Avon that it would not produce the figurines.

Plaintiff has unsuccessfully sought payment of the $128,132 commission from Defendant. Moreover, as a result of Defendant's refusal to produce the figurines, Plaintiff's business relationship with Avon has been damaged.

## II.

### Discussion

#### A. Personal Jurisdiction

██ In a diversity action, the district court's personal jurisdiction over the defendant is typically determined in accordance with the law of the state in which the court sits. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985); *Scottish Air International, Inc. v. British Caledonian Group, PLC.*, 152 F.R.D. 18, 23 (S.D.N.Y. 1993). On a motion to dismiss, the plaintiff ultimately bears the burden of demonstrating by a preponderance of the evidence that the court maintains jurisdiction over the defendant. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981); *Scottish Air Int'l*, 152 F.R.D. at 23. However, a defendant's 12(b)(2) objection for lack of personal jurisdiction is waivable. Fed.R.Civ.P. 12(h). If a party requests that the court exercise its power on that party's behalf, and the request is not preceded or accompanied by an objection to personal jurisdiction, that party is deemed to have waived its defense of lack of personal jurisdiction. *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir.1972).

Defendant argues that because neither party is a citizen of New York, Defendant must have sufficient purposeful contacts with New York so as to allow for personal jurisdiction under New York's jurisdictional statutes, N.Y.C.P.L.R. §§ 301, 302. According to Defendant, it does not "do business" under the meaning of N.Y.C.P.L.R. § 301, nor has it "transacted business" in New York which would be sufficiently connected with the present action so as to confer jurisdiction under N.Y.C.P.L.R. § 302(a)(1).

██ Regardless of whether Defendant "does business" or "transacts business" within New York, this court has jurisdiction over Defendant by virtue of Defendant's appearance in the present litigation. LBK could have sought to have the complaint dismissed in the state court for lack of personal jurisdiction pursuant to the same New York statutory provisions, N.Y.C.P.L.R. §§ 301, 302(a)(1), as would guide this court sitting in diversity. Rather than so doing, Defendant removed the case to this court. Given that the law and remedy would have been the same in either court, it appears that Defendant removed the case to this court because it preferred to be in this forum. The removal constituted an appearance in this matter by Defendant. In choosing to avail itself of

this forum, LBK consented to this court's jurisdiction over it.

Therefore, even though it appears that Defendant had sufficient contacts with New York to subject it to suit in this forum, I need not rely on those contacts as a basis for this court's jurisdiction over LBK. *Compare Scottish Air Int'l* 152 F.R.D. at 24 (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir.1974)). By making an appearance, Defendant has waived any claim of lack of jurisdiction.

B. Rule 9(b)

 To state a claim for fraud under New York common law, the complaint must allege that the defendant knowingly made a false statement of material fact with the intent to induce the plaintiff's reliance, and also that the plaintiff did in fact rely on that false statement to its detriment. *Flickinger v. Harold C. Brown & Co., Inc.*, 947 F.2d 595, 599 (2d Cir.1991) (citations omitted); *Cramer v. Devon Group, Inc.*, 774 F.Supp. 176, 181 (S.D.N.Y.1991). The Federal Rules of Civil Procedure further require that fraud be pleaded with particularity. Fed.R.Civ.P. 9(b). However, Rule 9(b) does not require plaintiffs to set forth their evidence in the complaint. *Lazarro v. Manber*, 701 F.Supp. 353, 372, 373 (E.D.N.Y.1988) (finding general circumstances, content, and perpetrator of each fraudulent representation sufficient pleading). To satisfy the requirements of Rule 9(b), the complaint need only give particulars regarding the fraudulent content of the speech, the time and place at which the statements were made, and the identity of individuals making the fraudulent statements. *See Goldman v. Belden*, 754 F.2d 1059, 1069–70 (2d Cir.1985). Rule 9(b) expressly states that scienter may be pleaded in general terms. *Id.* at 1070.

 Plaintiff's second cause of action is inartfully drafted, combining a claim for breach of contract with a claim of fraud.[1] In so much as it constitutes a claim for fraud,

the cause of action must be dismissed for failure to satisfy the requirements of Rule 9(b).

Plaintiff alleges that Defendant fraudulently misrepresented its intent and ability to provide the "Mrs. Albee" figurines to Avon. (Compl. ¶¶ 9–10, 13), which is sufficient to identify the content of the allegedly fraudulent speech. The complaint also adequately states the location where the allegedly fraudulent statements were made, specifically New York City. (Compl. ¶ 7).[2] In addition, the complaint generally pleads Defendant's scienter, and also asserts that Plaintiff was damaged as a result of the misrepresentations. (Compl. ¶ 13).

However, the complaint fails to plead the time and speaker with sufficient particularity. According to paragraph 10, the fraudulent misrepresentations may have been made at any date prior to and/or including September 1, 1993. The time of the alleged statements is made no more clear by paragraph 7 of the complaint, which states that meetings between Defendant's and Avon's representatives were held "on numerous occasions including November 1992, April 1993, May 1993, and August 1993." This vague reference to a period of several months does not sufficiently apprise Defendant of when the allegedly fraudulent speech was made, and in turn fails to satisfy Rule 9(b).

 Finally, Plaintiff fails to provide the identity of the individual(s) who made the allegedly fraudulent statements. Allegedly fraudulent statements must be linked to individual speakers; vague references to "defendants" as the speakers are insufficient. *Mills v. Polar Molecular Corporation*, 12 F.3d 1170, 1175 (2d Cir.1993). Attributing statements to a corporate entity does not suffice to link those statements to any individuals, be they directors or otherwise. *See id.*

LAI's complaint speaks only in terms of "defendant," (*see* compl. ¶¶ 9, 10, 13), and

---

1. Plaintiff acknowledges as much in its Memorandum in Opposition at 11.

2. Although the complaint is not clearly drafted, it appears that Plaintiff is alleging that the misrepresentations alluded to in paragraphs 10 and 13 were made at the meetings mentioned in paragraph 7.

"[R]epresentatives of defendant." (*See* compl. ¶ 7). At no point does the complaint provide the name, title, or some other means of identifying any individual who made the misrepresentations. Thus, the complaint is not sufficiently particular with regard to the identity of the alleged speaker.

Because Plaintiff has failed to plead with sufficient particularity the time and place where the alleged fraudulent misrepresentations were made, as well as the identity of the individual(s) making those misrepresentations, the cause of action for fraud is dismissed pursuant to Rule 9(b).

### III.

### CONCLUSION

Defendant's motion to dismiss the complaint in its entirety for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), is denied.

Defendant's motion to dismiss the second cause of action for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6), is hereby granted, without prejudice. Plaintiff is directed to file and serve an appropriate amended complaint within twenty days of the date hereof.

SO ORDERED.