(923 P.2d 1052)

No. 75,689

TANYA D. CARRINGTON and L.C.C.U., by her natural mother and next friend, TANYA D. CARRINGTON, *Appellants,* v. ROBERT C. UNSELD, SR., *Appellee.*

Opinion filed September 6, 1996.

*Laurence M. Jarvis,* of Laurence M. Jarvis, Chartered, of Kansas City, for appellants.

*Annette M. Jackson,* of Kansas City, for appellee.

Before PIERRON, P.J., RULON and MARQUARDT, JJ.

MARQUARDT, J.: Tanya D. Carrington appeals the district court's ruling that the court never had personal jurisdiction over Robert C. Unseld, Sr.

In January 1990, Carrington visited Kentucky. While there, Carrington had sexual intercourse with Unseld, conceiving L.C.C.U.

On July 28, 1993, Carrington filed a petition requesting a determination that Unseld was the father of L.C.C.U. Carrington also requested orders for support, custody, and payment of past medical bills. The petition was served on Unseld by certified mail at his home in Prospect, Kentucky, on August 16, 1993. Unseld did not file an answer; however, he was represented by counsel from Kentucky and had notice of the impending default judgment.

On October 28, 1993, the district court entered default judgment against Unseld, finding that the court had personal jurisdiction over him and that he was the natural father of L.C.C.U. The district court also entered custody and support orders.

On November 17, 1993, L. D. McDonald, Jr., a Kansas attorney, filed an entry of appearance as counsel for Unseld and a motion for reconsideration of the district court's orders. On December 7, 1993, the district court denied Unseld's motion for reconsideration; however, the district court delayed execution on the judgment to allow Unseld additional time to provide justification for a modification of the child support.

On December 23, 1993, McDonald filed a motion seeking visitation as well as modification and reconsideration of the child support order. This motion did not challenge jurisdiction, venue, or insufficiency of process. The district court ordered Unseld to file a child support worksheet and to provide proof that he was making child support payments in Kentucky for another child as he had alleged in his motion.

On May 16, 1994, the district court reduced Unseld's child support payment from $673 per month to $649 per month; however, the journal entry was not filed until January 4, 1995.

On February 22, 1995, Albert J. Lopes filed an entry of appearance on behalf of Unseld "for the limited purpose of determining jurisdiction" and a motion to dismiss, challenging personal and subject matter jurisdiction, venue, and service of process. The motion argued that the initial petition failed to state a claim upon which relief could be granted pursuant to K.S.A. 60-212. Alternatively, the motion requested that the default judgment be set aside.

On November 2, 1995, the district court held: "[T]his Court never obtained personal jurisdiction over defendant, whose mini-

mal ties to the state of Kansas were only peripheral. Even though he subsequently entered the case to attempt modification of the judgment, that entry could not be said to validate a void judgment."

Carrington argues that the district court erred in holding that it did not have personal jurisdiction over Unseld. Carrington also argues that Unseld waived his right to contest jurisdiction by filing motions for reconsideration that did not challenge jurisdiction, which resulted in the reduction of his child support obligation. Carrington requests that this court reverse the district court's decision and order the reinstatement of the district court's prior orders.

"Whether the district court has jurisdiction is a question of law over which this court has unlimited review." *Grindsted Products, Inc. v. Kansas City Power & Light Co.*, 21 Kan. App. 2d 435, 437, 901 P.2d 20 (1995); see *In re Adoption of Baby Girl B.*, 19 Kan. App. 2d 283, 288, 867 P.2d 1074, *rev. denied* 255 Kan. 1001 (1994).

For a court to act upon a claim for relief, the court must have both subject matter and personal jurisdiction over the parties. *State ex rel. Secretary of SRS v. Stephens*, 13 Kan. App. 2d 715, 716, 782 P.2d 68 (1989).

"Subject matter jurisdiction is the power of the court to hear and decide a particular type of action." *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 (1985). Subject matter jurisdiction is the power to decide and not the exercise of that power. *Behee v. Beem*, 156 Kan. 115, 117-18, 131 P.2d 675 (1942).

Personal jurisdiction is defined as the "[p]ower which a court has over the defendant's person and which is required before a court can enter a personal or in personam judgment." Black's Law Dictionary 854 (6th ed. 1990). "[A] state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980); see *In re Hesston Corp.*, 254 Kan. 941, Syl. ¶ 3, 870 P.2d 17 (1994); *Source Direct, Inc. v. Mantell*, 19 Kan. App. 2d 399, 404-05, 870 P.2d 686 (1994).

On appeal, Unseld argues that the district court had neither subject matter nor personal jurisdiction. Unseld argues that be-

cause the sexual act took place in Kentucky, the district court did not acquire subject matter jurisdiction. This argument confuses personal jurisdiction with subject matter jurisdiction. While this fact would be relevant as to whether Unseld could be effectively served outside the state of Kansas in order to establish personal jurisdiction under the Kansas long arm statute, K.S.A. 60-308(b)(10), it is not dispositive on the issue of subject matter jurisdiction.

Carrington's petition states that this action was brought under the Kansas Parentage Act, K.S.A. 38-1110 *et seq.* K.S.A. 38-1116, which governs jurisdiction and venue under the Act, provides:

"(a) The district court has jurisdiction of an action brought under this act. The action may be joined with an action for divorce, annulment, separate maintenance, support or adoption.

"(b) The action may be brought in the county in which the child, the mother *or* the presumed or alleged father resides or is found."

Carrington had requested a custody order. The limitations on subject matter jurisdiction contained in the Uniform Child Custody Jurisdiction Act (UCCJA), K.S.A. 38-1301 *et seq.*, are relevant. See *In re Marriage of Mosier*, 251 Kan. 490, 493, 836 P.2d 1158 (1992). Generally speaking, a court has jurisdiction under the UCCJA if the child lived with a parent in the forum state for at least 6 consecutive months prior to the commencement of the proceeding. See K.S.A. 38-1302(e); K.S.A. 38-1303.

Carrington's petition indicates that she and L.C.C.U. had resided in Kansas for approximately 3 years when the petition was filed. Unseld raises no valid challenge to the subject matter jurisdiction of the district court.

K.S.A. 60-212(h) provides:

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g) or (B) if it is neither made by motion under this section nor included in a responsive pleading or an amendment thereof permitted by subsection (a) of K.S.A. 60-215 and amendments thereto to be made as a matter of course."

"[J]urisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed

by statute, *or by voluntary appearance*." (Emphasis added.) *Haley v. Hershberger*, 207 Kan. 459, 463, 485 P.2d 1321 (1971); *Warwick v. Gluck*, 12 Kan. App. 2d 563, 568, 751 P.2d 1042 (1988).

In *Haley*, 207 Kan. at 465, the court stated:

"K.S.A. 60-212 has abolished the old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. This is clearly stated by the express terms of K.S.A. 60-212(h). The defense is then waived not because of defendant's voluntary appearance, but because of the failure to assert the defense within the time prescribed by the rules.

"Preliminary motions which do not constitute a defense or go to the merits of the action do not constitute a waiver."

Unseld never filed an answer to the petition. The objective of K.S.A. 60-212 "is to eliminate unnecessary delay *at the pleading stage* by requiring the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense." (Emphasis added.) *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983). The post-judgment motions to reconsider filed by Unseld are not "responsive pleadings" within the typical contemplation of K.S.A. 60-212(h).

Notwithstanding that Unseld's motions to reconsider do not fall within the express terms of K.S.A. 60-212(h), "[t]here are limits in the extent to which a defendant can actively litigate a case without waiving defenses of personal jurisdiction and improper venue." *Reliable Tire v. Kelly Springfield Tire Co.*, 623 F. Supp. 153, 155-56 (E.D. Pa. 1985).

In *Lomaglio Associates Inc. v. LBK Marketing Corp.*, 876 F. Supp. 41, 43-44 (S.D.N.Y. 1995), the court held that the defendant's motion for removal to federal court constituted an appearance that submitted the defendant to the personal jurisdiction of the court. The court noted:

"[A] defendant's 12(b)(2) objection for lack of personal jurisdiction is waivable. Fed. R. Civ. P. 12(h). If a party requests that the court exercise its power on that party's behalf, and the request is not preceded or accompanied by an objection to personal jurisdiction, that party is deemed to have waived its defense of lack of personal jurisdiction. *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)." *Lomaglio*, 876 F. Supp. at 43.

"If a party enters a case, makes no objection to jurisdiction, and asks the court to act on its behalf in some substantive way, it will be held to have waived further objection." *Grammenos*, 457 F.2d at 1070; see *In re Schwinn Bicycle Co.*, 182 Bankr. 526, 530 (Bankr. N.D. Ill. 1995).

Unseld asked the district court to exercise its power to modify the court's previous motion. Unseld also asked the district court to grant him affirmative relief as to visitation with his child. The district court granted Unseld relief by reducing the original child support order. Fourteen months after Unseld requested that the district court exercise its power on his behalf, Unseld filed a motion challenging the district court's jurisdiction over him.

"A party is not permitted to invoke the jurisdiction and power of a court for the purpose of securing important rights from an adversary through its judgment, and then, after obtaining the benefits sought, to repudiate or question the validity of that adjudication on the ground the court was without jurisdiction." *Aguilera v. Corkill*, 201 Kan. 33, 38, 439 P.2d 93 (1968).

"Courts simply cannot be used in that manner." *Wible v. Wible*, 153 Kan. 428, 434, 110 P.2d 761 (1941); see *Kirby v. Kirby*, 143 Kan. 430, 437, 55 P.2d 356 (1936).

Unseld submitted himself to the personal jurisdiction of the district court by filing his motions.

We reverse and remand with instructions that the district court reinstate the orders that were in effect prior to its ruling that it did not have personal jurisdiction.