(19 P.3d 184)
No. 85,049

*In the Matter of the Marriage of* ROBERT JOHN SALAS, *Appellant,*
v. YON SUN SALAS, *Appellee.*

Opinion filed February 2, 2001.

*Robert D. Beall,* of Davis, Beall, McGuire & Thompson, Chartered, of Leavenworth, for appellant.

*Yon Sun McIntosh,* appellee pro se.

Before BEIER, P.J., PIERRON, J., and TOM MALONE, District Judge, assigned.

BEIER, J.: Appellant Robert J. Salas seeks review of a district court ruling on the scope of jurisdiction and the interpretation of the final decree in his 1990 default divorce. We affirm the district court's decision that personal jurisdiction over Robert's spouse was lacking in 1990 and that the decree did not allocate Robert's military retirement benefits.

The pertinent facts are these: In 1990, Robert filed a petition for divorce from his wife, Yon, who had never resided in Kansas. Robert had not yet retired from military service. The petition stated Robert and Yon had "accumulated certain items of personal property" and prayed for "an equitable division of the personal property of the parties." On his domestic relations affidavit, Robert did not answer questions about the ownership and amounts of the parties' liquid assets and all "other personal property including retirement benefits." Robert requested service of process upon Yon by certified mail.

Yon's attorney in the state of Washington wrote a letter to Robert's attorney and the court, advising that Yon denied Robert's petition and that Kansas lacked jurisdiction. He also stated that the

letter was not intended to submit Yon to the jurisdiction of the Kansas courts and requested that the petition be dismissed. Within a week, Robert's attorney had a dismissal order signed and filed by the court.

Robert obtained the services of a new attorney, who filed a motion to vacate the dismissal order. The motion stated that the only issue "intended to be submitted to the Kansas Court is the issue of divorce." The motion was granted the same day. The attorney sent copies of the motion to vacate the dismissal order, the order vacating the dismissal, and an amended petition to Yon's attorney in Washington and to Yon by regular mail. The amended petition was filed 2 days later, seeking, among other things, division of the personal marital property within the court's jurisdiction. A copy of the filed amended petition was sent to Yon's attorney in Washington by regular mail but not to Yon. Yon did not respond to the amended petition in any fashion.

At the ensuing default hearing, Robert testified he had personal property in Kansas and Yon had personal property in Washington. He requested the court to grant the divorce and award each party the property he or she possessed. On November 8, 1990, the decree of divorce was granted and filed. It stated:

"IT IS FURTHER BY THE COURT ORDERED, ADJUDGED AND DECREED that [Robert] shall have set aside to him all personal property in his possession and [Yon] shall have set aside to her all personal property in her possession."

Nearly 9½ years later, Yon, through a new attorney, filed a petition for divorce in Washington and was given a stay of proceedings to resolve questions about the effect of Robert's earlier Kansas proceeding. On February 10, 2000, Yon filed a motion in district court in Kansas to vacate the default divorce Robert had obtained. Yon argued the Kansas court had lacked personal and subject matter jurisdiction because none of the post-dismissal pleadings had been sent to her or her attorney by registered or certified mail.

Robert responded that the court had jurisdiction in 1990 because Yon was properly served with the original petition. Also, in his view, the allocation of his military retirement pay was decided

in the default divorce decree. Robert also argued that Yon's motion was untimely under K.S.A. 60-260(b).

The district court denied Yon's motion "with the understanding that [it] **only** had jurisdiction in 1990 to 1.) grant a divorce to [Robert] on the grounds of incompatibility, and 2.) award the personal property in [Robert's] possession in Kansas, to [Robert]." The court stated the military retirement was not personal property located within Kansas subject to the in rem jurisdiction the court possessed in 1990.

We must initially decide the nature of the Kansas district court's jurisdiction at the time the default decree was entered. Jurisdictional questions are questions of law over which appellate review is unlimited. *Carrington v. Unseld*, 22 Kan. App. 2d 815, 817, 923 P.2d 1052 (1996).

Personal jurisdiction is defined as the court's power over the defendant's person and is required before the court can enter an in personam judgment. Its acquisition has both constitutional and statutory dimensions. Federal due process requires a nonresident defendant to have purposely established "minimum contacts" with the forum state. See *Carrington*, 22 Kan. App. 2d at 817; *In re Hesston Corp.*, 254 Kan. 941, 959, 870 P.2d 17 (1994). If the constitutional standard has been met, our statutes set out methods for acquiring personal jurisdiction through voluntary appearance or the issuance and service of process.

We need not reach the parties' disagreements over whether the statutory requirements for service were met, because we conclude Yon lacked the "minimum contacts" the Constitution requires for personal jurisdiction. Yon never lived in Kansas, in the marital relationship or otherwise. See K.S.A. 60-308(b)(8) (long-arm statute supports personal jurisdiction over defendant who once lived in marital relationship in Kansas); *In re Hesston Corp.*, 254 Kan. at 951, 958 (Kansas long-arm statute liberally construed to the full extent constitutionally permissible).

Moreover, despite Robert's assertions to the contrary, Yon never voluntarily appeared in the 1990 action. The only communication from Yon before the entry of the decree came in the form of a letter from her first attorney in response to the original petition.

That letter explicitly stated that it was *not* to be construed as submission by Yon to the jurisdiction of the court and sought a dismissal the court ultimately granted.

Thus the only jurisdiction acquired by the Kansas court in 1990 was in rem. Such jurisdiction permitted the court to decide the status of the parties, *i.e.*, whether they were to remain married or be divorced. See *Perry v. Perry*, 5 Kan. App. 2d 636, 639, 623 P.2d 513 (1981); *Lillis v. Lillis*, 1 Kan. App. 2d 164, 166-67, 169-70, 563 P.2d 492 (1977). It also permitted the court to divide property of the parties within the territorial limits of the state. See *Giles v. Adobe Royalty, Inc.*, 235 Kan. 758, 762-63, 684 P.2d 406 (citing *Wesner v. O'Brien*, 56 Kan. 724, 725-27, 44 Pac. 1090 [1896] ["[T]hat the state has full power through its legislature and courts to regulate and control the *status* of its citizens, and to dispose of or control real property to whomsoever it may belong within its limits, will hardly be denied."]); 1 Casad and Richman, Jurisdiction in Civil Actions at § 2-6[3][a] (3d ed. 1998) (discussing survival of "true in rem" and "quasi-in-rem type I" jurisdiction after United States Supreme Court decision in *Shaffer v. Heitner*, 433 U.S. 186 [1977], and noting *Shaffer's* statement: "[W]hen claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction."); see also Elrod and Buchele, 1 Kansas Law and Practice, Kansas Family Law § 9.22(1) (1999) ("The court may divide property in the forum state. But for the court to transfer property other than that located in the state or to impose any financial obligations, the court must have personal jurisdiction over both parties."); compare *Abernathy v. Abernathy*, 482 S.E.2d 265, 267-69 (Ga. 1997) (lack of personal jurisdiction over nonresident defendant does not prevent court from entering judgment in divorce that divides property within its territory); but see *Perry*, 5 Kan. App. 2d at 639 (finding no jurisdiction to divide property; location of property unclear); *Lillis*, 1 Kan. App. 2d at 165, 169-70 (reversing provisions for visitation and payment of expenses, saying jurisdiction limited to power to render judgment affecting status of parties). Other orders—*e.g.*, having to

do with child support and maintenance or dividing property outside of Kansas—were beyond the limits of the court's power.

So, what of the district court's language in the decree in this case, that purporting to award the personal property in the possession of Robert to Robert and the personal property in the possession of Yon to Yon? To the extent any of that personal property was within Kansas' borders, it could be divided as the court stated. To the extent any of it was outside of Kansas' borders, the decree was without force or effect.

The parties' further substantive question—whether Robert's retirement was personal property in his possession within Kansas—does not long consume us. There is no evidence in the record that the court was even aware of the potential for military retirement subject to division at the time the decree was entered. Robert failed to mention it on his domestic relations affidavit. His amended petition sought only a divorce. His testimony at the hearing expanded his prayer only to an award of the property in his possession. Robert was still in the military at the time, and the ultimate decree made no mention of any property expected to come into Robert's possession at some future date. Under these circumstances, we agree with the district court that the decree's language was not meant to divide Robert's retirement benefits, and the appropriate allocation of those benefits remains open for resolution another day by a court with personal jurisdiction over both Robert and Yon.

Robert's final argument is that Yon's motion to vacate the judgment was untimely under K.S.A. 60-260(b). He cites *In re Marriage of Bowers*, 23 Kan. App. 2d 641, 933 P.2d 176 (1997), and *In re Marriage of Larson*, 257 Kan. 456, 894 P.2d 809 (1995), as support. This argument is misguided. Neither *Bowers* nor *Larson* dealt with an allegation of lack of jurisdiction. Although Yon cited K.S.A. 60-260(b)(6), which provides for relief from judgment for any reason justifying such relief, she was actually attacking any assertion of personal jurisdiction over her in 1990 to divide property. This challenge falls under K.S.A. 60-260(b)(4), which provides for an attack on a void judgment. Because a void judgment is a nullity, it may be vacated at any time. See *In re Marriage of Welliver*, 254 Kan. 801, 803-04, 869 P.2d 653 (1994).

The district court's holding that the military retirement benefits were not divided in 1990 is affirmed. The district court's denial of the motion to vacate that portion of the divorce decree purporting to award personal property outside Kansas is reversed.

Affirmed in part and reversed in part.