(41 P.3d 297)
No. 86,503

EARL EUGENE ABBEY, *Claimant/Appellee*, v. CLEVELAND INSPECTION SERVICES, INC., *Respondent/Appellee*, and STATE INSURANCE FUND OF OKLAHOMA, *Insurance Carrier/ Appellant*.

Opinion filed January 18, 2002.

*Gary A. Winfrey*, of Minter & Winfrey, of Wichita, for appellant.

*Edward D. Heath, Jr.*, of Wichita, for appellee Cleveland Inspection Services.

Before BEIER, P.J., PIERRON, J., and WAHL, S.J.

WAHL, J.: The State Insurance Fund of Oklahoma (Fund) appeals the decision of the Kansas Workers Compensation Board

(Board), claiming the Board did not have personal jurisdiction over the Fund.

The underlying facts giving rise to this case are not disputed and are well summarized in the Board's decision:

"Claimant [Earl Abbey], a craft inspector, was hired by respondent [Cleveland Inspection] to perform work in Roswell, New Mexico. Claimant testified he was first contacted by telephone by respondent's representative, Jerry Lorett, on October 4, 1995, while claimant was at home in Hutchinson, Kansas. During that telephone conversation, Mr. Lorett offered claimant a job with respondent, and claimant accepted. It was agreed that claimant would report to work at 7:00 a.m. on October 6, 1995, in Roswell, New Mexico. Claimant's pay started from the time he left Hutchinson, Kansas. Claimant departed Hutchinson, Kansas, on October 4, 1995. He traveled to Roswell, New Mexico, arriving there the evening of October 5, 1995. He reported to the offices of respondent in Roswell, New Mexico, contacting B. F. Sadler, the chief inspector for respondent in that area. Claimant was provided specific construction specifications and certain agreements between respondent and Mid-America Pipeline Company, the general contractor on the job. Claimant immediately began working for respondent in Roswell, New Mexico.

"On October 12, 1995, while working, claimant stepped into a hole and twisted his ankle. He also injured his lower back."

Facts dealing with the nature and extent of Abbey's injury or disability, as well as his entitlement to outstanding medical expenses and future medical treatment, were resolved by the parties and need not be addressed in this appeal.

The Fund initially paid workers compensation benefits to Abbey because it believed Abbey was employed in Oklahoma. However, the Fund terminated these benefits after determining Abbey was not employed in Oklahoma and it did not cover the accident.

The policy issued to Cleveland required payment of benefits under the Oklahoma workers compensation laws. The "submission to jurisdiction" clause of the policy applies to Oklahoma. Robert Sisco, an underwriter manager who oversees the activities of the underwriting department for the Fund, testified the Fund was organized under the laws of the State of Oklahoma in 1933 as an insurance company that provides workers compensation insurance for employers of Oklahoma. He testified the Fund is not authorized or qualified to transact any type of business in Kansas nor has it

transacted any business with any Kansas entity that issues insurance policies to Oklahoma insureds.

Counsel for the Fund appeared at the preliminary hearing held June 13, 1996, to make a special appearance on behalf of the Fund and raised the issue of personal jurisdiction and insurance coverage.

The administrative law judge's order of May 18, 2000, awarded compensation to Abbey against both Cleveland Inspection and the Fund for the injury. However, on May 25, 2000, the administrative law judge filed a nunc pro tunc order removing the Fund from the award.

Cleveland Inspection filed a timely application for Board review on whether the parties are covered by the Kansas Workers Compensation Act (Act) and whether K.S.A. 44-506 requires the employment contract to be litigated in Oklahoma.

The Board affirmed the administrative law judge's award but reversed the nunc pro tunc order removing the Fund from the award. The Board found that both Cleveland Inspection and its insurance carrier, the Fund, were subject to the provisions of the Act.

The Fund filed a timely notice of appeal. The Fund argues Kansas does not have personal jurisdiction over it. We agree.

Jurisdictional questions are questions of law over which appellate review is unlimited. *Carrington v. Unseld*, 22 Kan. App. 2d 815, 817, 923 P.2d 1052 (1996).

Personal jurisdiction is defined as the court's power over the defendant's person and is required before the court can enter a judgment. Acquisition of personal jurisdiction has both statutory and constitutional dimensions. *In re Marriage of Salas*, 28 Kan. App. 2d 553, 555, 19 P.3d 184 (2001).

Two questions must be addressed to determine whether the Board had personal jurisdiction. First, is there a specific statutory grant of jurisdiction, *i.e.*, does it fall under any of the provisions of K.S.A. 60-308, the Kansas long arm jurisdiction statute? Second, if any specific statutory provisions or long arm provisions are met, would the exercise of personal jurisdiction by the Board over the Fund afford the Fund due process of the law under the Fourteenth

Amendment to the United States Constitution? *Davis v. Grace*, 4 Kan. App. 2d 704, 707-08, 610 P.2d 1140 (1980).

Considering the specific statutory grant of jurisdiction, that authority must arise from the Act itself and not from the long arm statute because the rules of civil procedure are not applicable in workers compensation proceedings. *Waln v. Clarkson Constr. Co.*, 18 Kan. App. 2d 729, 731, 861 P.2d 1355 (1993). "[T]he Workers' Compensation Act is complete and exclusive within itself in establishing procedures covering every phase of the right to compensation, and such procedures are not subject to supplementation by rules borrowed from the Code of Civil Procedure." *Crow v. City of Wichita*, 222 Kan. 322, 332, 566 P.2d 1 (1977).

The Act addresses jurisdiction over insurance companies for liability under the Act. K.S.A. 44-559 provides as follows:

"Every policy of insurance against liability under this act shall be in accordance with the provisions of this act and shall be in a form approved by the commissioner of insurance. Such policy shall contain an agreement that the insurer accepts all of the provisions of this act, that the same may be enforced by any person entitled to any rights under this act as well as by the employer, that the insurer shall be a party to all agreements or proceedings under this act, and his appearance may be entered therein and jurisdiction over his person may be obtained as in this act provided, and such covenants shall be enforceable notwithstanding any default of the employer."

Under the statute, only insurance companies organized under Kansas law or authorized to transact business in Kansas and write such insurance in Kansas submit to the jurisdiction of Kansas.

The Board found that the Fund was not organized under the laws of the State of Kansas and is not authorized to transact business in Kansas. Therefore, the Board lacked authority under K.S.A. 44-559 to exercise jurisdiction over the Fund.

K.S.A. 44-506 confers jurisdiction in some cases where the injury occurs outside of Kansas. Under K.S.A. 44-506, the general rule is that the "act shall not be construed to apply to business or employment which, according to law, is so engaged in interstate commerce as to be not subject to the legislative power of the state, nor to persons injured while they are so engaged." Two exceptions apply "to injuries sustained outside the state where: (1) The prin-

cipal place of employment is within the state; or (2) the contract of employment was made within the state, unless such contract otherwise specifically provides."

Here, K.S.A. 44-506 is applicable only to Cleveland Inspection and not the Fund. It was Cleveland Inspection which contacted Abbey by telephone about an employment opportunity. During the telephone conversation, Cleveland Inspection offered employment that was accepted.

"The basic principle is that a contract is 'made' when and where the last act necessary for its formation is done. *Smith v. McBride & Dehmer Construction Co.*, 216 Kan. 76, 530 P.2d 1222 (1975). When that act is the acceptance of an offer during a telephone conversation, the contract is 'made' where the acceptor speaks his or her acceptance. *Morrison v. Hurst Drilling Co.*, 212 Kan. 706, Syl. ¶ 1, 512 P.2d 438 (1973); see Restatement (Second) of Contracts, § 64, comment c (1974)." *Shehane v. Station Casino*, 27 Kan. App. 2d 257, 261, 3 P.3d 551 (2000).

While *Shehane* may be consistent in finding jurisdiction over the employer, Cleveland Inspection, it does not subject the Fund to jurisdiction in Kansas. There is no statutory basis under the Act for personal jurisdiction over the Fund.

Even were there some statutory basis under the Act for personal jurisdiction, the exercise of personal jurisdiction by Kansas must still afford the Fund due process of law under the Fourteenth Amendment to the United States Constitution. See *Kulko v. California Superior Court*, 436 U.S. 84, 91, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978).

"The Fourteenth Amendment's due process clause limits the forum state's assertion of personal jurisdiction over nonresidents. Minimum contacts with the forum state must exist so that the assertion of personal jurisdiction will not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945)." *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 779-80, 740 P.2d 1089 (1987).

The Fund fails to have the minimum contacts with Kansas as the forum state to satisfy fair play and substantial justice. The Fund has not engaged in any activity to purposely subject itself to juris-

diction in Kansas. It was organized under Oklahoma laws to be an insurance company providing workers compensation insurance for employers of Oklahoma. The Fund is not authorized or qualified to transact any type of business in Kansas nor has it transacted any type of business in Kansas. It has not transacted any business with any Kansas entity that issues insurance policies to Oklahoma insureds. The Fund made no contacts with Abbey regarding his employment.

Accordingly, the Board did not have personal jurisdiction over the Fund.

A judgment rendered by a court without personal jurisdiction over a defendant is void—a nullity. See *Sramek v. Sramek*, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), *rev. denied* 252 Kan. 1093 (1993).

Since Kansas lacks personal jurisdiction in this case as to the Fund, the other issues herein need not be resolved on the merits.

The judgment of the Board against the Fund is vacated.