(88 P.3d 1236)

No. 90,165

CAROLYN PIEREN-ABBOTT, *Appellant,* v. KANSAS DEPARTMENT OF REVENUE, *Appellee.*

No. 90,530

MICHAEL K. DAY, *Appellant,* v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, *Appellee.*

No. 90,531

TONY D. EARLYWINE, *Appellant,* v. KANSAS DEPARTMENT OF REVENUE, DIVISION OF MOTOR VEHICLES, *Appellee.*

Opinion filed May 7, 2004.

*Roger L. Falk* and *Christopher L. Hughes*, of Law Offices of Falk & Owens, P.A., of Wichita, for appellant Carolyn Pieren-Abbott.

*Troy V. Huser,* of Huser Law Office, P.A., of Manhattan, for appellants Michael K. Day and Tony D. Earlywine.

*Brian Cox,* of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before GREEN, P.J., LEWIS, J., and JOHN J. BUKATY, JR., District Judge, assigned.

BUKATY, J.: These consolidated cases involve appeals by three individuals whose driver's licenses were suspended by the Kansas Department of Revenue (KDR). In Carolyn Pieren-Abbott's case the suspension resulted from her refusal to submit to alcohol testing after she was arrested for driving under the influence. In Michael K. Day's and Tony D. Earlywine's cases, the suspensions resulted from their alcohol test failures after they were arrested for driving under the influence.

Each individual filed a petition for review with the district court. Each petition was then dismissed on the basis that the court lacked subject matter jurisdiction. Specifically, the district courts ruled that K.S.A. 8-1020(o) requires that a person requesting judicial review of a driver's license suspension must timely serve a summons on KDR and that was not accomplished in these cases. The individuals appeal the dismissals to this court. We reverse and remand.

The relevant facts are not in dispute. In Pieren-Abbott's case, she timely filed her petition for judicial review and apparently mailed a copy to KDR at the same time. She never did file and serve a summons on KDR. Day and Earlywine timely filed their petitions for judicial review and also mailed copies to KDR at the same time. Day and Earlywine each filed and served a summons, but both did so more than 90 days after they had filed their petitions.

The appellants have adopted the arguments of each other. Highly summarized, they argue that service of a summons under K.S.A. 8-1020(o) is not required to obtain subject matter jurisdiction in the district court and it is the Kansas Act for Judicial Review

and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, that controls the commencement of these cases. They further argue that if K.S.A. 8-1020(o) has any effect, it relates only to personal jurisdiction and KDR submitted itself to the court's jurisdiction by its participation in the litigation.

KDR argues that because K.S.A. 8-1020(o) and the KJRA are silent regarding the timing requirements for the service of a summons, the court must refer to the Code of Civil Procedure, K.S.A. 60-101 *et seq.*, specifically K.S.A. 60-203(a) and (b) to determine the timeliness of the summons required in K.S.A. 8-1020(o). Those sections require that for a service of summons to relate back to the date of filing of a petition, it must be served within 90 days (court may grant additional 30 days if application made within original 90 days). Service of a summons outside of these time frames means the action is then considered filed as of the date of service of process rather than the date of filing of the petition. KDR then argues that the district court lacked subject matter jurisdiction in these cases. Specifically, it argues in Pieren-Abbott's case that she never commenced an action for judicial review. In Day's and Earlywine's cases, it argues that because service of process occurred more than 90 days after the filing of the petitions and without the court granting an extension, the petitions were not timely filed, *i.e.*, within 10 days as required in K.S.A. 8-259(a).

A district court must have both subject matter and personal jurisdiction over the parties to act upon a claim for relief. *Carrington v. Unseld*, 22 Kan. App. 2d 815, 817, 923 P.2d 1052 (1996). Subject matter jurisdiction is the authority of a court to hear and decide a particular type of action. 22 Kan. App. 2d at 817. "Subject matter jurisdiction is vested by statute and cannot ordinarily be established by consent, waiver or estoppel. [Citation omitted.] When a court is without jurisdiction of the subject matter, its only permissible course of action is to dismiss the case. [Citation omitted.]" *In re Miller*, 5 Kan. App. 2d 246, 249, 616 P.2d 287 (1980), *adopted by Supreme Court* 228 Kan. 606, 610, 620 P.2d 800 (1980).

Personal jurisdiction is the authority of a court over a defendant's person. Without personal jurisdiction, a plaintiff cannot obtain a valid personal judgment over the defendant. *Carrington*, 22 Kan.

App. 2d at 817. Personal jurisdiction over the defendant is acquired by either issuance and service of process as required by statute or by a voluntary appearance. 22 Kan. App. 2d at 818-19. After being served with a summons, "the defendants are in court for every purpose connected with the action, and . . . are bound to take notice of every step taken therein." *Deal Lumber Co. v. Vieux,* 179 Kan. 760, 763, 298 P.2d 339 (1956).

There are no facts in dispute that bear on these issues. The question of whether a court has subject matter jurisdiction is a question of law over which this court has unlimited review. *In re Marriage of Metz,* 31 Kan. App. 2d 623, 625, 69 P.3d 1128 (2003). Similarly, whether a court has personal jurisdiction over a litigant is also a question of law, and appellate review is unlimited. *Abbey v. Cleveland Inspection Services, Inc.,* 30 Kan. App. 2d 114, 116, 41 P.3d 297 (2002). To determine both questions, we must interpret K.S.A. 8-1020(o). Interpretation of a statute poses a question of law over which this court's review is unlimited. An appellate court is not bound by the interpretation of the district court. *State v. Maass,* 275 Kan. 328, 330, 64 P.3d 382 (2003).

The relevant language of K.S.A. 8-1020(o) states: "The licensee may file a petition for review of the hearing order pursuant to K.S.A. 8-259, and amendments thereto. Upon filing a petition for review, the licensee shall serve the secretary of revenue with a copy of the petition and summons." This provision became law in 2001.

The district courts both found that K.S.A. 8-1020(o) conferred subject matter jurisdiction and since each appellant had not filed a summons that the only course of action was dismissal of the petitions for review. The problem with this interpretation, however, is that it isolates this provision from not only other provisions of K.S.A. 8-1020 but also from provisions of K.S.A. 8-259 and the KJRA.

The fundamental rule of statutory construction is the legislature's intent governs if that intent can be ascertained. It is presumed the legislature expressed its intent through the language of the statutory scheme that it enacted. *Williamson v. City of Hays,* 275 Kan. 300, 305, 64 P.3d 364 (2003). To ascertain legislative intent, a court cannot consider only an isolated part or parts of an

act. *Landry v. Graphic Technology, Inc.*, 268 Kan. 359, 365, 2 P.3d 758 (2000). Rather, legislative intent is determined by considering the entire act and giving effect, if possible, to its entirety. As such, the court has a duty, " 'as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. The court must give effect to the legislature's intent even though words, phrases, or clauses at some place in the statute must be omitted or inserted.' [Citation omitted.]" *CPI Qualified Plan Consultants, Inc. v. Kansas Dept. of Human Resources*, 272 Kan. 1288, 1293, 38 P.3d 666 (2002).

The second sentence in K.S.A. 8-1020(o) that KDR relies upon is inconsistent with the first sentence in that same subsection. It states: "The licensee may file a petition for review of the hearing order pursuant to K.S.A. 8-259, and amendments thereto." This sentence does not require a summons, nor does K.S.A. 8-259.

The second sentence in 8-1020(o) is also inconsistent with the language in K.S.A. 8-1020(p). This subsection provides: "Such review shall be in accordance with this section and the [KJRA]. To the extent that this section and any other provision of law conflicts, this section shall prevail. The petition for review shall be filed within 10 days after the effective date of the order." Again, there is no mention or requirement of a summons.

Referring to the KJRA, we note that K.S.A. 77-610 provides in pertinent part: "Judicial review is initiated by filing a petition for judicial review in the appropriate court and payment of the docket fee . . . ." There is no mention or requirement of a summons to initiate judicial review. Also, under the KJRA, the petitioner must "serve a copy of the petition in the manner provided by subsection (e) of K.S.A. 77-613, and amendments thereto, upon the agency head . . . ." K.S.A. 77-615. "Service of an order, pleading or other matter shall be made upon the parties to the agency proceeding and their attorneys of record, if any, by delivering a copy of it to them or by mailing a copy of it to them at their last known addresses. . . . Service by mail is complete upon mailing." K.S.A. 77-613(e). "Within 30 days after service on the agency . . . of the petition as provided in K.S.A. 77-615, . . . a party to judicial review proceedings *may* file an answer or other responsible plead-

ing. . . . " (Emphasis added.) K.S.A. 77-614(c). Again, there is no mention or requirement of a summons.

The legislative history of K.S.A. 8-1020 also supports the conclusion that lack of timely service of a summons does not deprive the court of subject matter jurisdiction in these cases. This statute was a part of L. 2001, ch. 200 (S. B. 67), which not only enacted this statute but also amended 17 others and repealed another. An examination of the bill establishes that it increased the criminal and administrative penalties for driving under the influence of alcohol or drugs and limited the evidentiary procedures at the administrative hearings. When the Kansas Senate voted on Senate Bill No. 67, Senator David Adkins explained:

"This comprehensive legislation significantly enhances public safety by imposing harsher penalties on drunk drivers. Many Kansans' lives have been tragically affected by the act of a drunk driver. . . . This bill says loud and clear that those who drink and drive in our state will face strong penalties. Those who commit this crime more than once will also be dealt with as the serious criminals they are." Sen. J. 2001, p. 1063.

The amendments in Senate Bill No. 67 and Senator Adkins' comments indicate the legislature intended to implement harsher direct penalties upon those persons who drive under the influence of alcohol or drugs. There is no indication that the inclusion of one word, "summons," in K.S.A. 8-1020(o) was meant to drastically change the requirements for the personal and subject matter jurisdiction of the district court, especially when it is inconsistent with K.S.A. 8-259(a) and similar provisions to K.S.A. 8-1020(o) and (p), which were in effect prior to 2001 in another statute.

The brevity of the reference to "summons" in K.S.A. 8-1020(o) also supports this conclusion. The section contains no particulars as to how it should be served or within what time frame. There is no requirement that a return of summons be filed. More importantly, there is no mention that the Code of Civil Procedure applies to answer these questions. Had the legislature so intended, it certainly could have said so.

The requirement of a summons serves no purpose in these judicial review proceedings. It is important to note that a petition for judicial review of the agency decision under K.S.A. 8-1020(o) and

(p) commences a special proceeding. Once a licensee has requested an administrative hearing, a dispute exists over the driver's license suspension. KDR becomes a party to the dispute once it has received the notice of the request by mail or facsimile. Requests for judicial review of the orders entered following those hearings are not original actions. They are essentially appellate in nature. The purpose of a summons in the Code of Civil Procedure is to notify a defendant of a new lawsuit and the requirement that the defendant must timely file an answer or judgment will be taken. See K.S.A. 60-268 *et seq.*, Form No. 1 in the Appendix of Forms following the Rules of Civil Procedure. In these review proceedings, KDR is not required to but may file an answer. With no purpose to be served in requiring a summons, we should not construe the statute so as to require a futile act. See *KPERS v. Reimer & Koger Assocs., Inc,* 262 Kan. 635, 643, 941 P.2d 1321 (1997).

Certainly, the legislature, if it so desires, could require that a summons be served on KDR before the district court obtains subject matter jurisdiction in these proceedings. In the absence of a clear statement of that intent, however, we will not impose such a condition in light of the conflicting statutory provisions and the nature of a summons itself.

After considering the entirety of the statute and its history, the inclusion of the word summons in K.S.A. 8-1020(o) is not a prerequisite to conferring subject matter jurisdiction or obtaining personal jurisdiction for an appeal under K.S.A. 8-259(a), K.S.A. 8-1020(o), or the KJRA. Where a licensee timely files a petition for judicial review, mails the petition to KDR, and complies with all other clear statutory requirements, the district court possesses jurisdiction. Thus, the district courts erred in their interpretation of K.S.A. 8-1020(o), and the dismissals of the petitions filed by Pieren-Abbott, Day, and Earlywine should be reversed.

Reversed and remanded.